**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States v. Jafari Zakariah Lewis-Daniel*
Case No. 3:16-cr-00016-TMB-KFM-2

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on the Government's Motion for Amended Judgment (the "Motion").[1] The Court ordered supplemental briefing, which the Government then filed.[2] For the reasons discussed below, the Motion is **DENIED**.

On September 21, 2018, the Court issued an Amended Judgment against Defendant Jafari Zakariah Lewis-Daniel for one count of Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and (d).[3] The Court ordered Lewis-Daniel pay $10,000 in restitution to Axiom Armored Transport ("Axiom") and $122,162 to Lowers & Associates, Axiom's insurer (collectively, the "payees").[4]

The Court did not order either payee receive priority over the other. Instead, the Amended Judgment states that "[i]f the defendant makes a partial payment, each payee shall receive an approximately proportioned payment."[5] This appears to be contrary to 18 U.S.C. § 3664(j)(1), which requires an actual victim to be compensated before insurers.[6] The Government now requests that the Court issue a second amended judgment that gives Axiom priority over Lowers & Associates.[7]

The Government concedes that there is an "absence of a statutory basis to make the requested change."[8] Nevertheless, the Government argues that the lack of statutory authority is not fatal

---

[1] Dkt. 197 (Motion).
[2] Dkt. 202 (Supplement).
[3] Dkt. 194 (Amended Judgment).
[4] *Id.* at 6. *See* Dkt. 191 at 2–4 (Motion to Award Restitution).
[5] Dkt. 194 at 6.
[6] 18 U.S.C. § 3664(j)(1) provides:

> [i]f a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

[7] Dkt.197 at 1–3.
[8] Dkt. 202 at 6.

because requested change is not "material."[9] The Court disagrees. The Government is requesting the Court to change the order in which the victims will be paid. Such a change directly impacts the rights of the victims to be compensated. For example, in the case of a defendant with limited means and multiple victims, such a change could determine whether a victim will ever be made whole. Thus, while the Court acknowledges the error in the Amended Judgment, correcting it would be a material alteration. In the absence of clear authority, the Court declines to make such a change.

Accordingly, the Motion at docket 197 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 29, 2020.

---

[9] *Id.*